# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| **DOMINIQUE LIVERPOOL,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | |
| **CAESARS BALTIMORE MANAGEMENT** ) | |
| **COMPANY, LLC,** *et al.,* ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant, Caesars Baltimore Management Company, LLC ("CBMC"), by undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this action from the Circuit Court for Baltimore City, Maryland, in which it is now pending, to the United States District Court for the District of Maryland, on the following grounds:

1.      Plaintiff, Dominique Liverpool ("Plaintiff" or "Liverpool"), filed this lawsuit on September 10, 2020 against CBMC, CBAC Borrower, LLC, Caesars License Company, LLC, Caesars Growth Partners, LLC, Caesars Holdings, Inc. (improperly named as Caesars Acquisition Company), Caesars Entertainment, Inc., "John Doe Security Guard 1," "John Doe Security Guard 2," and "John Doe Supervisor" in the Circuit Court for Baltimore City, Maryland, captioned *Dominique Liverpool v. Caesars Baltimore Management Company, LLC, et al.*, Case No. 24C20003829 (the "State Court action"). A copy of Plaintiff's Complaint filed in the State Court action (the "Complaint" or "Compl.") is included with the copies of all process, pleadings, filings, and orders which have been served upon Defendants attached below, and incorporated herein by reference.

2.    This action may be removed to this Court on the grounds of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3.    CBMC was served in this case on January 27, 2021.[1] This Notice of Removal has been filed within thirty (30) days of the service of the lawsuit upon any Defendant named in this lawsuit. This Notice of Removal is timely because it has been filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

4.    The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Plaintiff's Complaint, under the heading "RELIEF SOUGHT" (*see* Compl. at p. 31), demands "economic, non-economic and compensatory damages in the amount of two million five-hundred thousand dollars ($2,500,000)… awarded to him against all defendants jointly and severally," as well as "punitive damages of five million dollars ($5,000,000)… assessed against the Defendants… jointly and severally," and "costs [and] attorneys' fees[.]" *See* Compl. at ¶¶ 139-141.[2]

5.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) since there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] It is unclear whether proper service has been effectuated on CBMC or other Defendants.  The court's electronic docket indicates that Plaintiff has just filed various affidavits of service for certain Defendants, purportedly identifying a service date of January 27, 2021, although none of the affidavits of service appear to have been served on Defendants.  However, Plaintiff's first attempt at service on any Defendant was by way of delivery of copies of the summons and Complaint to Corporation Service Company on January 27, 2021, although various summonses were addressed for service on other persons and entities.  Accordingly, the earliest possible date of service on any Defendant is January 27, 2021, and thus, CBMC is filing this Notice of Removal now out of an abundance of caution.  By filing this Notice of Removal, Defendants do not waive any defense which may be available to them, including, but not limited to, their right to contest personal jurisdiction, the sufficiency of process, and the sufficiency of service of process.

[2] The *ad damnum* provisions in Plaintiff's Complaint clearly violate the Maryland Rules, which require that "a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000." Md. Rule 2-305. Regardless, the amount in controversy requirement is clearly satisfied in this case.

6.      Upon information and belief, Plaintiff is and was at the time this action was initiated an adult citizen and domiciliary of the State of Maryland who currently resides in Maryland.  Per the allegations in Plaintiff's Complaint, Plaintiff Liverpool is an adult citizen and resident of the State of Maryland, with his home address in Maryland. *See* Compl. at case caption and ¶ 1.

7.      At the time this action was initiated and now, Caesars Baltimore Management Company, LLC was and is a limited liability company having a single member, Caesars Baltimore Acquisition Company, LLC, which has as a single member, CEOC, LLC, which has as a single member, Caesars Resort Collection, LLC, which has as a single member, Caesars Growth Partners, LLC, which has as a single member, Caesars Holdings, Inc.  Caesars Holdings, Inc. is a Delaware corporation with its principal place of business in Nevada. Thus, Caesars Baltimore Management Company, LLC is a citizen of the states of Delaware and Nevada.

8.      At the time this action was initiated and now, Caesars Entertainment, Inc. was and is a Delaware corporation with its principal place of business in Nevada. Thus, Caesars Entertainment, Inc. is a citizen of the states of Delaware and Nevada.

9.      At the time this action was initiated and now, Caesars Growth Partners, LLC was and is a limited liability company having a single member, Caesars Holdings, Inc., a Delaware corporation with its principal place of business in Nevada. Thus, Caesars Growth Partners, LLC is a citizen of the states of Delaware and Nevada.

10.     Caesars Acquisition Company merged with and into Caesars Entertainment Corporation (a Delaware corporation with its principal place of business in Nevada) in 2017. Caesars Entertainment Corporation is now known as Caesars Holdings, Inc. Caesars Holdings, Inc. is a Delaware corporation with its principal place of business in Nevada.

11.     At the time this action was initiated and now, Caesars License Company, LLC was and is a limited liability company having as a single member, Caesars Enterprise Services LLC, which has as its two members, CEOC LLC (a citizen of Delaware and Nevada as previously set forth) and Caesars Resort Collection LLC (a citizen of Delaware and Nevada as previously set forth). Thus, Caesars License Company, LLC is a citizen of the states of Delaware and Nevada.

12.     Regarding Defendants "John Doe Security Guard 1," "John Doe Security Guard 2," and "John Doe Supervisor," for purposes of determining diversity jurisdiction, the Court must disregard a defendant who is only named as a "John Doe." *See* 28 U.S.C. § 1441(b)(1) ("Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Berry v. SeaWorld Parks & Entm't LLC*, No. 4:14CV152, 2015 WL 1119942, at *2 (E.D. Va. Mar. 11, 2015) (citing 28 U.S.C. § 1441(b)(1)) (denying remand motion where "John Doe Employee is sued under a fictitious name, and his citizenship is disregarded at this stage of the proceedings."); *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 267 n.2 (4th Cir. 2014) (citing 28 U.S.C. § 1441(b)) ("Flores also names 'Does 1 – 100' but the citizenship of fictitious parties is not relevant for purposes of determining diversity jurisdiction.").

13.     There is complete diversity of citizenship between Plaintiff and all non-fictitious party Defendants who are not fraudulently joined in this case.

14.     There is complete diversity of citizenship between Defendants CBMC, Caesars License Company, LLC, Caesars Growth Partners, LLC, Caesars Holdings, Inc. (improperly named as Caesars Acquisition Company), and Caesars Entertainment, Inc. However, like CBAC

Borrower, LLC, Defendants Caesars License Company, LLC, Caesars Growth Partners, LLC, Caesars Holdings, Inc. (improperly named as Caesars Acquisition Company), and Caesars Entertainment, Inc. are fraudulently joined in this case because Plaintiff has no possibility of recovery against them on the basis alleged in the Complaint and Plaintiff has not, and cannot, establish a cause of action against them under Maryland law. As further detailed herein, all of the entity Defendants, except for CBMC, are fraudulently joined in this lawsuit, including because neither they, nor their employees, if any, were involved in or connected to the underlying occurrence on April 22, 2018 which is the basis of Plaintiff's Complaint, and because the claims against them also independently fail as a matter of Maryland law.

15.    The doctrine of fraudulent joinder permits a federal court to "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014). To establish that a non-diverse defendant has been joined fraudulently, the removing party can show either: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Flores*, 563 F. App'x at 269 (*citing Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). When "determining whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of the joinder by any means available." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quotation and citation omitted). The "entire record" includes affidavits submitted by the parties. *See, e.g., Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 720–21 (D. Md. 2000) (considering affidavits in determining that in-state defendant was fraudulently joined); *Beaudoin*

5

*v. Sites*, 886 F. Supp. 1300, 1302 (E.D. Va. 1995) (noting that "When fraudulent joinder is at issue… [t]he defendants may submit affidavits and deposition transcripts" and that the "proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P., Rule 56(b).") (*citing, inter alia, B., Inc.,* 663 F.2d at 549).[3] If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action under Rule 21. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Gasnik v. State Farm Ins. Co.,* 825 F.Supp. 245, 248–49 (E.D.Cal. 1992).

16.    All of the claims in Plaintiff's Complaint arise out of a single occurrence, specifically his detention by "security personnel" at the Horseshoe Casino in Baltimore, Maryland (the "Horseshoe Baltimore Casino" or "casino") in the early morning hours of April 22, 2018. *See* Compl. at ¶¶ 16-48. Plaintiff, a 6'8" male, alleges in his Complaint that, after he got into a verbal altercation with another patron while playing craps at the casino around 4:30 am (*id.* at ¶¶ 17-19), he was approached by security and instructed to leave, which Plaintiff refused to do. *Id.* at ¶¶ 20-26. The Complaint alleges that Plaintiff then got into a physical altercation with a "security guard" — with the security guard grabbing Plaintiff's arm, and Plaintiff pushing him (*id.* at ¶ 27) — after which Plaintiff was forced onto the floor by "multiple security personnel," hand cuffed, and escorted to a security office where he was issued a permanent eviction from the casino. *Id.* at ¶¶ 28-48.

---

[3] *See also, e.g., Great Plains Trust v. Morgan Stanley Dean Witter,* 313 F.3d 305, 311 (5th Cir. 2002) (stating that "[t]o decide whether a defendant has been fraudulently joined, the district court can employ a summary judgment-like procedure that allows it to pierce the pleadings and examine affidavits"); *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiffs pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.").

17.    The claims in Plaintiff's Complaint are premised on the actions of those individuals effectuating Plaintiff's detention and eviction on April 22, 2018, and based on this sole occurrence, Plaintiff's Complaint asserts the following causes of action:

- Count I – Battery
- Count II – False Imprisonment
- Count III – False Arrest
- Count IV – Negligence
- Count V – Gross Negligence
- Count VI – Negligent Hiring and Retention
- Count VII – False Light
- Count VIII – Conversion

*See* Compl. at ¶¶ 55-138. All Counts in the Complaint are pled "against all defendants jointly and severally." *See id.* at ¶ 63 (Count I), ¶ 76 (Count II), ¶ 81 (Count III), ¶ 101 (Count IV), ¶ 115 (Count V), ¶ 125 (Count VI), ¶ 132 (Count VII), ¶ 138 (Count VII).

18.    All of the claims in Plaintiff's Complaint against the named Defendant entities – CBMC, CBAC Borrower, LLC, Caesars License Company, LLC, Caesars Growth Partners, LLC, Caesars Holdings, Inc. (improperly named as Caesars Acquisition Company), and Caesars Entertainment, Inc. (collectively, the "entity Defendants") – are based on Plaintiff's factually-erroneous and wholly-conclusory claim that *all* of entity Defendants were simultaneously the *employers* of all of the security individuals involved in Plaintiff's detention on April 22, 2018. *See* Compl. at ¶ 11 ("At all times pertinent to this complaint the security and management personnel involved in the occurrence were acting within the course and scope of **their employment with the Defendant Corporations**.") (all emphasis added herein, unless otherwise stated).

19.    Plaintiff's negligence claims are specifically based on all of the "Defendants" being the employers of all casino security, alleging that Defendants were negligent in the hiring,

retention, training, and supervising of **"their employees."** *See, e.g.,* Compl. at ¶ 85 - Negligence Count (alleging that "The Corporate Defendants" breached their "duty of care to train and supervise **their employees** such as **their security personnel**"); *id.* at ¶ 118 - Negligent Hiring and Retention Count (alleging that that "Defendants" were negligent "in selecting, hiring, training and retaining **their employees**.").[4]

20.    All of the other Counts in the Complaint against the entity Defendants are expressly based on the conduct of the individuals that detained and evicted Plaintiff on April 22, 2018[5] and the Complaint's erroneous, conclusory assertion that the entity Defendants are all vicariously liable for the actions of those individuals as their employers. *See* Compl. at ¶ 54 ("**As employers** of the security guards and other personnel involved, **the Corporate Defendants are liable for the torts committed by their employees** through the doctrine of Respondeat Superior, as well as joint and several liability.").[6]

21.    Plaintiff, however, has no possibility of recovery against CBAC Borrower, LLC on the basis alleged in the Complaint and Plaintiff has not, and cannot, establish a cause of action against CBAC Borrower, LLC under Maryland law.

---

[4] Plaintiff's Gross Negligence Count is based on the same alleged intentional torts of the individuals that detained Plaintiff alleged in the other Counts in the Complaint. *See, e.g.,* Compl. at ¶¶ 103-106 (alleging Plaintiff was injured by the "physical attack, kidnapping, and false imprisonment by Horseshoe Casino Baltimore personnel" and "Defendants… physically restraining him, handcuffing him, kidnapping him, and confining him in the casino holding room").

[5] *See, e.g.,* Count I – Compl. at ¶ 57 (alleging that "multiple batteries were allegedly committed by **Defendants' security guards** against Liverpool"); Count II – Compl. at ¶ 65 (alleging that the "**Horseshoe Casino Baltimore security personnel** unjustifiably and illegally physically seized Liverpool…"); Count III – Compl. at ¶ 80 (alleging that Plaintiff was "restrained against his will and arrested **by the Corporate Defendants' security personnel**"); Count IV – Compl. at ¶ 94 (alleging that "The battery committed against Liverpool **by the security personnel of the Corporate Defendants** were the actual and proximate cause of Liverpool's physical injuries and severe mental distress"); Count V – Compl. at ¶ 104 ("**The casino security guards** acted recklessly, wantonly and willfully, to inflict physically injury and severe mental distress to Liverpool"); Count VII – Compl. at ¶ 127 ("**Defendants' security guards** battered, assaulted, and falsely imprisoned and arrested Liverpool on the floor of the casino in wide open and public view"); Count VIII – Compl. at ¶ 135 ("**The Corporate Defendants security personnel** exercised dominion over Liverpool's personal property by taking Liverpool's wallet and identification card").

[6] Plaintiff's Complaint does not actually define the terms "Corporate Defendants" or "Defendant Corporations" – although the Complaint acknowledges that the majority of the entity Defendants are not corporations.

22.    *First*, at the outset, Plaintiff's bare assertion that all security employees were somehow employed by all "the Defendant Corporations" (Compl. at ¶ 11) is a textbook example of a pure legal conclusion lacking any factual support and, as such, it completely fails to satisfy Maryland law and is entitled to no weight by the Court. *See, e.g., RRC Ne., LLC v. BAA Maryland, Inc.*, 413 Md. 638, 644 (2010) ("The well-pleaded facts setting forth the cause of action must be pleaded with sufficient specificity; bald assertions and conclusory statements by the pleader will not suffice"); *Llewellyn v. Queen City Dairy*, 187 Md. 49, 56–57 (1946) ("It thus appears that the main grounds upon which relief in this case is predicated is based upon the mere assertion of an 'illegal agreement or arrangement', that said 'agreement or arrangement' amounted to 'a conspiracy against the plaintiff corporation', or a 'plot' as above referred to; that in soliciting the purchase of stock 'misstatements', 'misrepresentations', and the 'charge of a plot' were made by the defendants... **These assertions are mere characterizations of the needed facts rather than allegations of them, and *cannot be considered*"); *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 547 (4th Cir. 2013) (holding that a plaintiff's allegation "that funds from [one entity] were comingled with funds from [another entity]," is "conclusory, and not entitled to a presumption of truth").[7]

23.    *Second*, Plaintiff's bare assertion that the employees of the Horseshoe Baltimore Casino working security were all employed by all "Corporate Defendants" is not only wholly-

---

[7] *See also, e.g., Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) ("Facts must be pleaded with some specificity to demonstrate that the elements which are required to sustain the cause of action exist. It is not sufficient to merely assert conclusory allegations suggesting that the elements are in fact present in the controversy") (citation omitted); *Morris v. Osmose Wood Preserving*, 340 Md. 519, 531 (1995) ("We do not consider, however, merely conclusory charges that are not factual allegations"); *DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006, 1028–29 (S.D. Ind. 2015) ("With respect to Easton–Bell Sports, LLC, EB Sports Corporation, and RBG Holdings Corporation, Plaintiffs include no specific allegations of wrong-doing by them. These three entities are described as being related to the other Defendants. ... No other allegations have been advanced against these three companies, including no grounds on which to pierce the corporate veil between or among the companies. Plaintiffs maintain that by simply naming all of the entities as 'Defendants,' their SAC is sufficient under the Federal Rules of Civil Procedure and *Iqbal* and *Twombly*. This is incorrect").

conclusory, but it is demonstrably false. The Affidavit of Charles McCreedy, attached hereto as Exhibit 1, demonstrates that, at the time of Plaintiff's detention at issue on April 22, 2018, CBMC was the operator and manager of the Horseshoe Baltimore Casino, and that the Special Police Officers and employees of the Horseshoe Baltimore Casino working security on April 22, 2018 were employed by CBMC, and were *not* employed, managed, directed, or controlled by CBAC Borrower, LLC, Caesars License Company, LLC, Caesars Growth Partners, LLC, Caesars Acquisition Company, or Caesars Entertainment, Inc. *See* Ex. 1 at ¶¶ 1-5. The Complaint does not and cannot allege any facts to the contrary. In light of these facts, the non-employer entity Defendants like CBAC Borrower, LLC cannot be liable to Plaintiff on any theory alleged in his Complaint, and the burden has been met to show that such Defendants that were not involved in the underlying occurrence have been fraudulently joined in this case. *See, e.g., Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35 (1921) (joinder was fraudulent where the defendant had "no real connection [to] the controversy" because the allegations against the defendant were "without any reasonable basis in fact"); *Maffei v. Allstate California Ins. Co.,* 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (finding that wholly owned subsidiary corporation of co-defendant was fraudulently joined when it had no connection to the controversy alleged in the complaint); *Linnin v. Michielsens,* 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (stating that a defendant is fraudulently joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (stating that a defendant is fraudulently joined if there is no "reasonable basis for predicting that state law might impose liability on the facts involved") (internal quotations and citations omitted).

24.     Moreover, it should be emphasized that for several months, Plaintiff's counsel has been aware of the identity of the proper entity that employs the Special Police Officers employed by the Horseshoe Baltimore Casino. As between the different entities, undersigned counsel has identified CBMC to Plaintiff's counsel multiple times as the entity employer of the Horseshoe Baltimore Casino's employees, including as far back as March 2020. *See* March 16, 2020 email from R.Hebb to A.F.Carpio, attached hereto as Exhibit 2. Yet, Plaintiff knowingly and repeatedly makes allegations regarding the conduct and employment status of the "Corporate Defendants" that he lacks any basis to assert against entity Defendants like CBAC Borrower, LLC.

25.     *Third*, even if Plaintiff's conclusory claims against CBAC Borrower, LLC were not demonstrably factually erroneous, they would still fail for additional reasons.

26.     Plaintiff's improper lumping of defendants together violates the prohibition against group pleading. Plaintiff's Complaint does not allege any tortuous acts or misconduct of CBAC Borrower, LLC. Outside of identifying CBAC Borrower, LLC in the "Parties" section in the beginning of the Complaint as having an ownership interest in the Horseshoe Baltimore Casino, Plaintiff never refers to CBAC Borrower, LLC (or any other particular entity Defendant) ever again. Instead, Plaintiff impermissibly lumps all the Defendant entities together, as if they can be treated as one in the same—without any basis alleged to do so—and makes allegations referring to the "Corporate Defendants" (Compl. at ¶¶ 12, 13, 54, 62, 66, 79, 80, 85, 87, 88, 92, 94, 95, 96, 97, 98, 99, 103, 111, 112, 122, 123, 135); the "Defendant Corporations" (Compl. at ¶¶ 11, 112); or the "defendant business entities" (Compl. at ¶ 53).[8] This tactic is made worse by the fact that all of the "Corporate Defendants" are then further lumped together into a group of

---

[8] As noted *supra*, Plaintiff never even defines the term "Corporate Defendants," although he uses the term throughout the Complaint, and despite the fact that Complaint acknowledges that the majority of the entity Defendants are types of business entities other than corporations.

nine different "Defendants," with Plaintiff using the term haphazardly to refer to any one or more "Defendants" throughout the Complaint. *See, e.g.,* Compl at ¶¶ 13, 56, 58, 59, 60, 63, 68, 71, 74, 76, 81, 83, 86, 89, 90, 91, 100, 101, 105, 106, 107, 108, 109, 110, 113, 114, 115, 117, 118, 119, 120, 121, 124, 125, 127, 128, 130, 131, 132, 137, 138, 139, 140.  This is impermissible. Under Maryland law, "defendants are not fungible; [the Court] must examine what each is charged with doing or failing to do." *Wells,* 100 Md. App. at 703.  Courts in Maryland and across the country (including federal courts) continually and repeatedly hold that the type of group pleading in the Complaint warrants dismissal, even under the liberal pleading standards that govern a *pro se* complaint.[9] *See id.; see also, e.g., Crouch v. City of Hyattsville, Md.*, No. CIV.A. DKC 09-2544, 2010 WL 4868100, at *6 (D. Md. Nov. 23, 2010) ("[plaintiff] cannot impose liability on Gardiner and the other Defendants merely by grouping them together with the central wrongdoer"); *Miller,* 165 Md. 245, 167 A. at 698 (it is "require[d] that a pleader be not permitted to proceed with an inadequate case by concealing the inadequacy").[10]

27.    Instead of including any particularized allegations against CBAC Borrower, LLC or any factual allegations that CBAC Borrower, LLC was involved in the April 22, 2018

---

[9] *See, e.g., Jones v. Lehmkuhl*, No. 11-CV-02384-WYD-CBS, 2013 WL 6728951, at *9 (D. Colo. Dec. 20, 2013) ("For the most part, Plaintiff's claims for relief simply refer to 'the Defendant(s).' ...**Even under the liberal pleading standards that govern a *pro se* complaint,** the Second Amended Complaint is **wholly inadequate** to give Defendants Poole, Harmon or Yohn sufficient notice of their alleged misconduct to prepare an appropriate defense").

[10] *See also, e.g., Wang Labs., Inc. v. Burts*, 612 F. Supp. 441, 445 (D. Md. 1984) (dismissal appropriate where "the complaint... groups all twelve defendants together under the heading of 'defendants'"); *State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiropractic, LLC*, No. 18-CV-1279, 2018 WL 6514797 (D. Md. Dec. 11, 2018) (dismissal appropriate "As a result of [plaintiff's] collective pleading"); *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 454-55 (D. Md. 2005) (granting defendant's motion to dismiss where plaintiff's group allegations against five defendants "collectively" failed to delineate the particular acts of infringement attributable to each defendant) (citing *Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd.*, 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (finding dismissal proper where "the complaint lumps all the defendants together and fails to distinguish their conduct")).  Maryland courts will look to federal decisions interpreting corresponding federal rules for guidance when construing a similar Maryland rule. *Allen v. Allen*, 105 Md. App. 359, 369 (1995).  *Compare* Fed. R. Civ. P. 8(a)(2) ("[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief") *with* Maryland Rule 2-305 ("[a] pleading that sets forth a claim for relief... shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought").

occurrence at issue, Plaintiff attempts to use the way it defines groups of defendants as an end around permissible, good-faith pleading requirements. Plaintiff repeatedly makes allegations regarding the conduct of "Defendants" and "Corporate Defendants" that he lacks any basis to assert against the non-employer entity Defendants like CBAC Borrower, LLC. Plaintiff's group pleading strategy violates basic pleading requirements and provides yet another basis to show fraudulent joinder.

28.     Court after court has found that such vague and conclusory assertions against in-state defendants cannot defeat diversity jurisdiction. *See, e.g., Baker v. Purdue Pharma L.P.,* No. 1:01-0553, 2002 U.S. Dist. LEXIS 28129, at *24 (S.D. W. Va. Mar. 28, 2002) (finding fraudulent joinder when non-diverse pharmacies were "lumped together with the other defendants" in allegations "that appear to target mainly the drug companies"); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.,* 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (finding fraudulent joinder of non-manufacturer defendants where complaints were "filled ... with general statements levied against all defendants, which most properly can be read as stating claims against the drug manufacturers"); *Dripping Wet Water, Inc. v. Halox Techs., Inc.,* No. SA-03-CA-1048-OG, 2004 U.S. Dist. LEXIS 18532, at *40 (W.D. Tex. Mar. 22, 2004) (recommending denial of remand based on fraudulent joinder where plaintiffs' "amended petition merely added references to [non-diverse distributor], but no specific allegations"), *accepted by,* 2004 U.S. Dist. LEXIS 18530 (W.D. Tex. Apr. 15, 2004). As one court put it: there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them. *Lyons v. Am. Tobacco Co.,* No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997). For this reason too, CBAC Borrower, LLC, among others, is fraudulently joined.

29.     Furthermore, Plaintiff has not plead, nor can he, any factual basis or theory of vicarious liability between different entities or affiliates, or that would permit Plaintiff to entirely disregard the corporate form and treat each Defendant as one and the same as every other Defendant, as Plaintiff impermissibly does in the Complaint. Plaintiff does so even though the Complaint acknowledges that each of the entity Defendants is a separate legal entity. *See* Compl. at ¶¶ 5-11. However, Plaintiff has not even attempted to allege any theory of corporate veil piercing, nor could he under Maryland law. *See, e.g., Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 126 Md. App. 294, 307-09 (1999) (noting that "Maryland is more restrictive than other jurisdictions in allowing a plaintiff to pierce a corporation's veil" and that "arguments that have urged a piercing of the veil 'for reasons other than fraud' have failed in Maryland courts.") (citations omitted); *Greenebaum v. Williams*, 788 F. Supp. 260, 261 (D. Md. 1992) ("in a diversity case…, the elements of the claim or defense at issue, as well as the proof standard, must be taken from the law of the forum state") (citation omitted); *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 981 (4th Cir. 1987) ("The doctrine of limited liability remains the rule" and "the fiction of corporate separateness" is "accorded the greatest judicial deference") (citation omitted); *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 721 (D. Md. 2000) (denying motion to remand and finding plaintiff had no "glimmer of hope" on claim of vicarious liability between separate companies where plaintiff argued the two companies were "essential to each others operation and ... totally integrated," noting "this contention is not a sufficient basis upon which to pierce the corporate veil" and, like the case at bar, there was "no basis upon which to find [defendant company] vicariously liable for torts that might have been committed by its parent company… or by that company's… subsidiaries."). Like the defendant in *Newman,* here Plaintiff has no basis to hold CBAC Borrower, LLC, among others, liable for

14

the alleged torts of other, separate companies or their employees. Thus, Plaintiff cannot succeed on any of the claims asserted against CBAC Borrower, LLC, among others, further showing that it has been fraudulently joined.

30.     Additionally, the sole factual basis for independent or direct liability against CBAC Borrower, LLC alleged in the Complaint is that CBAC Borrower, LLC, along with other entity Defendants, had ownership interests in the Horseshoe Baltimore Casino.[11]   However, Plaintiff does not and cannot allege that CBAC Borrower, LLC had possession of the property as required to impose liability under established Maryland precedent. Maryland law is clear "regarding the duty of the possessor of property" that **"it is the possession of property, *not the ownership*, from which the duty flows."** *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 44-46 (1995). *See also, e.g., Funk v. Taubman Co.*, 102 F. Supp. 2d 308, 312 (D. Md. 2000) (**"Maryland case law has long recognized that *only* a possessor of property owes a duty to a person coming in contact with such property. It is possession of property, *not the ownership*, from which this duty flows."**) (citing, *inter alia*, *Lane*, 338 Md. at 44-45). Accordingly, Plaintiff's vague allegations of non-possessory ownership are entirely insufficient under Maryland law to establish any possible liability, and for this additional reason, CBAC Borrower, LLC is fraudulently joined. *See, e.g., Stafford EMS, Inc. v. J.B. Hunt Transp., Inc.,* 376 F. App'x 317, 320 (4th Cir. 2010) (affirming district court's finding that an in-state defendant was fraudulently joined where "clear case law" demonstrated that the plaintiff's claims against the defendant were categorically barred).

---

[11] *See, e.g.,* Compl. at ¶ 7 (alleging CBAC Borrower, LLC is an owner of Horseshoe Baltimore Casino); *id.* at ¶ 9 (expressly basing Plaintiff's claims on "the ownership of Horseshoe Baltimore Casino by Caesars Entertainment Corporation, its subsidiaries, and affiliated entities").Such allegations are fatally flawed for numerous reasons, including because "Caesars Entertainment Corporation" is a non-entity and not a Defendant, and Plaintiff has not plead any theory to disregard the corporate form and hold a company liable for the actions of a subsidiary or affiliate.

31.    Moreover, in the Complaint, Plaintiff appears to attempt to fashion a premises liability negligence claim that does not exist related to an alleged failure to protect Plaintiff from "gun violence" or an "active shooter threat." *See* Compl. at ¶ 91 (alleging that Defendants failed in "making the premises safe for Liverpool" because "the Defendants disregarded their duty to secure their premises from [a] threat of gun violence."); *id.* at ¶ 103 (alleging that "The Corporate Defendants' security personnel" failed to "perform their duty of securing the casino complex from an active shooter threat"). Even if Plaintiff could establish a premises duty owed by an owner not in possession, Plaintiff is not alleging in this case, nor could he, any injury or damages from "gun violence" or an "active shooter," and thus, such allegations have no bearing on the claims in this lawsuit. *See, e.g., Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 223 (2005) ("In Maryland, to succeed on a negligence claim, a plaintiff must prove four well-established elements: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that **the plaintiff suffered actual injury or loss**, and (4) that the **loss or injury proximately resulted from the defendant's breach of the duty**.") (internal quotations and citations omitted). Plaintiff is again grasping at non-existent straws, further showing fraudulent joinder.

32.    For the above reasons, CBAC Borrower, LLC, among others, is not a proper party defendant, there is no reasonable basis for predicting that state law might impose liability on the facts involved in this case, the citizenship of CBAC Borrower, LLC should be disregarded for purposes of removal on the basis of fraudulent joinder, and diversity jurisdiction exists.

33.    While unclear what entity Defendants may have been properly served (*see* note 1 *supra*), undersigned counsel has been retained to represent all of the entity Defendants. All

Defendants who have been properly joined and served consent to the removal of this case to this Court.

34.    This Notice of Removal is being served upon counsel for Plaintiff and contemporaneously filed with the Clerk of the Circuit Court of Maryland for Baltimore City. Copies of the Notice of the Filing of this Notice of Removal, together with the Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(d).

35.    Filed herewith are copies of all process, pleadings, filings, and orders which have been served upon Defendants, attached hereto as Exhibit 3.

36.    All procedural requirements for removal have been satisfied.

37.    Based on the foregoing, Defendants respectfully request that the Court find this case to be properly removed, assume jurisdiction over this matter, and, for the reasons set forth herein as well as those more fully set forth in Defendants' Motion to Dismiss Plaintiff's Complaint—which will be filed soon after the filing of this Notice of Removal—dismiss CBAC Borrower, LLC and the other non-employer entity Defendants as improperly joined parties.

38.    By filing this Notice of Removal, Defendants do not waive any defense which may be available to them, including, but not limited to, their right to contest personal jurisdiction, the sufficiency of process, and the sufficiency of service of process.

WHEREFORE, Caesars Baltimore Management Company, LLC respectfully requests that this action be removed to the United States District Court for the District of Maryland; and that no further proceedings be had in the Circuit Court for Baltimore City, Maryland.

Respectfully submitted,

Robert L. Hebb (Fed. Bar # 23425)
Richard J. Medoff (Fed. Bar # 19608)
Semmes, Bowen & Semmes
25 South Charles Street, 14th Floor
Baltimore, Maryland 21201
(410) 539-5040 (Telephone)
(410) 539-5223 (Facsimile)
rhebb@semmes.com
rmedoff@semmes.com
*Attorneys for Defendant, Caesars Baltimore
Management Company, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of February, 2021, a copy of the foregoing

Notice of Removal was served *via* U.S. mail, postage prepaid, upon:

Abraham Fernando Carpio, Esq.
Prince George's Professional Park
3311 Toledo Terrace
Suite B-201
Hyattsville, MD 20782
*Counsel for Plaintiff, Dominique Liverpool*

Robert L. Hebb (Fed. Bar # 23425)

B2460861.DOCX

18